| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | JUDGE GARDEPHE |
| ------------------------------------ x<br>THOMAS WACKER,<br><br>      Plaintiff,<br><br>    - against -<br><br>JPMORGAN CHASE & CO., J.P. MORGAN<br>CLEARING CORP., J.P. MORGAN<br>SECURITIES LLC, AND J.P. MORGAN<br>FUTURES INC. (merged with and into J.P.<br>MORGAN SECURITIES LLC),<br><br>      Defendants.<br>------------------------------------ x | Civil Action No. 15 CV 994 (PGG)<br><br>NOTICE OF REMOVAL<br><br>Filed<br><br>February 11, 2015<br>SDNY |

    Pursuant to 28 U.S.C. § 1446, defendants JPMorgan Chase & Co., J.P. Morgan Clearing Corp., J.P. Morgan Securities LLC, and J.P. Morgan Futures Inc. (collectively, "defendants") hereby give notice of the removal of this action to this Court from the Supreme Court of the State of New York, New York County, where it is pending as Case No. 650317/2015. Because the federal courts have original jurisdiction over this action under 28 U.S.C. § 1331, this action is removable pursuant to 28 U.S.C. § 1441. The specific grounds for removal are as follows:

    1.  This action is pending in the Supreme Court of the State of New York, New York County, having been commenced by filing of a Summons with Notice on or about February 4, 2015. This Notice of Removal is filed within 30 days after receipt by defendants of the Summons with Notice, in compliance with 28 U.S.C. § 1446(b). A copy of the Summons with Notice is annexed hereto as Exhibit A. On information and belief, no other pleadings have been served and no orders have been entered in the action.

2. This action is a civil action over which this Court has original jurisdiction pursuant to its jurisdiction over disputes arising under federal statutes, 28 U.S.C. § 1331. In particular, the plaintiff in this action alleges violations by defendants of the Sherman Antitrust Act, 15 U.S.C. § 1 *et seq.* Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over plaintiff's state law claims, which are based on the same conduct and allege violations of New York General Business Law §§ 340 and 349, and unjust enrichment.

3. All of the named defendants in this action join in this Notice of Removal.

4. Pursuant to 28 U.S.C. § 1446(d), defendants will file a copy of this Notice of Removal with the clerk of the Supreme Court of the State of New York, New York County, and will serve a copy of this Notice of Removal on counsel for plaintiff.

5. Nothing herein constitutes a waiver of defendants' rights, objections, or defenses, including without limitation (a) objections to jurisdiction, venue, and service, and (b) defendants' right to seek dismissal of the Complaint on any grounds.

WHEREFORE, defendants pray that this action be removed from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York as provided by law.

Dated: February 11, 2015

                                       Respectfully submitted,

                                       /s/ Daryl A. Libow

                                       Daryl A. Libow
                                       Amanda Flug Davidoff
                                       SULLIVAN & CROMWELL LLP
                                       1700 New York Avenue, N.W.
                                       Washington, D.C. 20006
                                       Telephone: (202) 956-7500
                                       Facsimile: (202) 293-7495
                                       libowd@sullcrom.com
                                       davidoffa@sullcrom.com

                                       *Attorneys for Defendants*

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

THOMAS WACKER,

                Plaintiff,

v.

JP MORGAN CHASE & CO., J.P. MORGAN
CLEARING CORP., J.P. MORGAN SECURITIES
LLC, J.P. MORGAN FUTURES INC. (merged
with and into J.P. MORGAN SECURITIES LLC),

                Defendants.

Index No. _____

**SUMMONS WITH NOTICE**

**TO THE ABOVE NAMED DEFENDANTS:**

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** and required to appear in this action by serving upon Plaintiff's attorney, at the address stated below, a notice of appearance or demand for a complaint.

    If this summons was personally delivered upon you in the State of New York, the notice of appearance or demand for a complaint must be served within twenty (20) days after such service of the summons, exclusive of the day of service, or within thirty (30) days after service of the summons is complete if this summons is not personally delivered to you within the State of New York.

    The nature of this action and the relief sought are set forth in the Notice below.

    If you do not serve a notice of appearance or demand for a complaint within the applicable time limitation stated above, a judgment may be entered against you by default, for the sum of at least $3.1 million together with interest thereon, plus the other relief set forth in the Notice below, plus the costs and disbursements of this action.

New York County is designated as the venue because: (1) Defendants do business in New York County, in person or through agents; (2) Defendants are headquartered or reside in this County and took action in this County on behalf of, at the direction of, and for the benefit of their co-conspirators; (3) many of the acts and practices complained of herein took place in this County, including but not limited to: (a) the purchase and sale of silver futures and gold futures spreads; (b) the conduct of Defendants' floor brokers on the COMEX/CME floor to manipulate the silver futures spreads took place in this County; and (c) Defendants' employees and agents who determined the manipulative silver positions were based and their conduct occurred in New York County.

Defendants' Addresses:

**(SEE ATTACHED SCHEDULE A)**

Dated: New York, New York
February 4, 2015

Respectfully submitted,

By:   /s/ David E. Kovel

**KIRBY McINERNEY LLP**
David E. Kovel (dkovel@kmllp.com)
David Bishop (dbishop@kmllp.com)
825 Third Avenue, 16th Floor
New York, New York 10022
Tel:   212.371.6600
Fax:   212.751.2540

*Counsel for Plaintiff*

**NOTICE**: The nature of this action is for, *inter alia*, market manipulation, monopolization and unjust enrichment against defendants JP Morgan Chase & Co., J.P. Morgan Clearing Corp., J.P. Morgan Securities LLC, and J.P. Morgan Futures Inc. (merged with and into J.P. Morgan Securities LLC) (collectively "JP Morgan") in connection with the artificial domination of the deferred futures spreads in COMEX/CME silver futures during late 2010 and the first half of 2011.

Plaintiff Thomas Wacker took large positions in silver futures deferred spreads during late 2010 and early 2011. JP Morgan, led by their trader Robert Gottlieb, also took large positions in these COMEX/CME silver futures spreads. JP Morgan was the counterparty (through the COMEX/CME) to Plaintiff's silver futures spread trades.

Starting in late 2010 and into early 2011, JP Morgan dominated the deferred futures spreads in silver and was counterparty to Plaintiff's trades. In particular, JP Morgan pressured the more nearby futures months upward and the more distant futures months downward. JP Morgan's manipulation was strongly apparent in the December 2013 to December 2014 futures spreads. Plaintiff was a seller of those spreads during this time – *i.e.*, he sold the December 2013 futures and bought the December 2014 futures. Plaintiff also was a seller of other deferred silver futures spreads during this time period.

At first, during late 2010 and early 2011, this manipulation was reflected both in the physical silver and silver futures markets.

Then, in January 2011, JP Morgan's manipulation of the futures market forced one of the largest deferred futures spread traders, Daniel Shak, to exit the market at a significant loss. Without Daniel Shak in the market, JP Morgan was able to move and knowingly did move the deferred futures markets without any counterweight. That is, there was no longer a large trader to act as a counterweight to sell the more nearby silver futures versus the more distant futures

After this date, the JP Morgan's trading did not relate to the supply and demand of physical silver as indicated by benchmarks such as the silver forward rates. The behavior of the deferred futures spreads decoupled from the over-the-counter forward market.

In this environment, JP Morgan through various means including spoof orders and overwhelming volume trades, manipulated the spreads to an even greater degree after January 24, 2011. Most prominently, JP Morgan manipulated the closing range of these spreads on a daily basis. Robert Gottlieb instruct JP Morgan's floor brokers (including Bob Hansen) to enter artificial spread orders 15 minutes before the close, and then, after the close, to provide inaccurate market information to the COMEX/CME representative who was charged with setting the closing spread prices. JP Morgan's motive for manipulating the spreads to a backwardation included (1) to benefit its physical hedging positions with silver producers, which were based on COMEX/CME silver futures prices; (2) to improve its employees (including Robert Gottlieb's) marked-to-market profit and loss positions at the close of the year and at various times thereafter, and (3) to enrich itself at the expense of other spread traders in the market, including Plaintiff, who had less deep pockets and would be forced out of his positions.

As a consequence of JP Morgan's conduct, Plaintiff's short position in the deferred spreads, in particular the short December 2013/long December 2014 position, was significantly

impacted. Plaintiff was forced out of his silver spread positions after sustaining heavy losses. Plaintiff, in a state of duress, had to sell his silver spread positions to JP Morgan for at least a **$3.1 million** loss and perhaps significantly more. Plaintiff's futures earnings were also severely impacted by JP Morgan's conduct.

The relief sought is: Donnelly Act (NY GBL §340); NY GBL Law §349; Sherman Antitrust Act; unjust enrichment; and other common law claims. Damages will be an amount to be determined at trial but in no event less than three million one hundred thousand ($3.1 million) dollars.

## SCHEDULE A

Defendants' Addresses:

**JPMorgan Chase & Co.**
c/o the Corporation Trust Company
270 Park Avenue
New York, New York 10017

**J.P. Morgan Clearing Corp.**
c/o the Corporation Trust Company
4 Chase Metrotech Center
Brooklyn, New York 11245

**J.P. Morgan Securities LLC**
c/o the Corporation Trust Company
383 Madison Avenue
New York, New York 10179

**J.P. Morgan Futures Inc. (merged with and into J.P. Morgan Securities LLC)**
c/o the Corporation Trust Company
383 Madison Avenue
New York, New York 10179